UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PROPECIA (FINASTERIDE)
PRODUCT LIABILITY LITIGATION                                             MDL No. 2331


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in the Eastern District of New York *Masefield* action moves to centralize this litigation in the Eastern District of New York. This litigation currently consists of nine actions pending in six districts, as listed on Schedule A.[1]

All responding parties support centralization, but disagree as to the appropriate transferee district. Plaintiff in the Southern District of Florida *Reynolds* potential tag-along action supports transfer to the Eastern District of New York. Plaintiffs in the District of New Jersey actions support centralization in the Eastern District of New York or, alternatively, the District of New Jersey. Defendants Merck & Co., Inc., and Merck Sharp & Dohme Corp. (collectively, Merck) support centralization in the District of New Jersey or, alternatively, the Eastern District of New York.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All the actions involve allegations that use of Propecia (finasteride) causes persistent sexual dysfunction in a subset of men who took the drug, even after they discontinued its use. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

While either suggested transferee forum would be acceptable, we have decided to centralize this litigation in the Eastern District of New York. This district provides a convenient and accessible forum for this litigation in which actions have been filed throughout the country regarding a product that was marketed nationwide. Because Merck is headquartered in nearby Whitehouse Station, New Jersey, the Eastern District of New York is close to where relevant evidence and witnesses are likely located. Further, this district enjoys the support of all responding plaintiffs and is the alternative preference of defendants.

---

[*] Judge John G. Heyburn II did not participate in the decision of this matter.

[1] Plaintiff's motion initially included an action filed in the District of Colorado (*Doe*), which has since been dismissed. Further, the parties have notified the Panel of seven additional related actions, pending in various districts. These actions and any other related actions are potential tag-along actions. *See* Rule 7.1, R.P.J.P.M.L.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed in Schedule A are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable John Gleeson for coordinated or consolidated pretrial proceedings.

\                                PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.      Barbara S. Jones
Paul J. Barbadoro           Marjorie O. Rendell
Charles R. Breyer

**IN RE: PROPECIA (FINASTERIDE)**
**PRODUCTS LIABILITY LITIGATION**        MDL No. 2331

## SCHEDULE A

<u>Middle District of Florida</u>

Eddie Sebastia, et al. v. Merck & Co., Inc., et al., C.A. No. 8:11-01221

<u>Northern District of Illinois</u>

Vincent J. Menella, et al. v. Merck & Co. Inc., et al., C.A. No. 1:11-07914

<u>District of New Jersey</u>

Steven Rossello, et al. v. Merck & Co. Inc., et al., C.A. No. 3:11-00641
Keith Pope, et al. v. Merck & Co. Inc., et al., C.A. No. 3:11-02281

<u>Eastern District of New York</u>

Christopher M. Masefield v. Merck & Co. Inc., et al., C.A. No. 1:11-05789

<u>Northern District of Ohio</u>

Marc A. Duerk v. Merck & Co. Inc., et al., C.A. No. 3:11-02547

<u>Western District of Washington</u>

Charles Shute v. Merck & Co. Inc., et al., C.A. No. 2:11-01096
Peter Yeung v. Merck & Co. Inc., et al., C.A. No. 2:11-01193
Paul Dawson v. Merck & Co., Inc., et al., C.A. No. 3:11-05638